## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIE EARL BONDS,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **CIVIL ACTION NO.** |
| | ] | **1:14-CV-330-KOB** |
| **HYUNDAI MOTOR CO.,** *et al.,* | ] | |
| | ] | |
| **Defendants.** | ] | |

## <u>MEMORANDUM OPINION</u>

This wrongful death and products liability case comes before the court on

Defendants Hyundai Motor Company and Hyundai Motor America's "Motion for

Partial Summary Judgment Regarding Set-Off."  (Doc. 89).

Marvin Culver died nearly a year after he suffered catastrophic injuries as a

passenger in a car that wrecked with a United States Postal truck.  Before he died,

Mr. Culver filed a lawsuit against the United States for his personal injuries

resulting from the accident.  After Mr. Culver died, Plaintiff Willie Earl Bonds, as

administrator of Mr. Culver's estate, brought this separate wrongful-death claim

against Hyundai.  The Estate and the United States eventually settled the claims for

personal injuries for $2,600,000.

In its motion for partial summary judgment, Hyundai argues that the court

should set off any judgment entered against it in this action by that amount

recovered for personal injuries because it and the United States are joint tortfeasors.

The court finds that Hyundai and the United States acted together as "joint tortfeasors" to cause a single set of injuries—personal injuries that led to Mr. Culver's death—such that they are jointly liable for the injuries arising from the wreck.[1]  But here is the kicker: the Estate's settlement with the United States for Mr. Culver's personal injuries before he died did not and could not include any amount as damages for Mr. Culver's death; in this case, the Estate seeks recovery against Hyundai *only* for—and only could recover—punitive damages for Mr. Culver's death.

Under Alabama law, only punitive damages may be recovered for wrongful death.  *See King v. National Spa and Pool Institute, Inc.,* 607 So. 2d 1241, 1248 (Ala. 1992).  And the Federal Tort Claims Act *precludes* the United States from paying punitive damages.  Because a recovery for punitive damages does not diminish a recovery for compensatory damages, no set-off is required to prevent a double recovery by the Estate.  The court will, therefore, DENY Hyundai's motion for partial summary judgment.  (Doc. 89).

## I.   STANDARD OF REVIEW

Summary judgment plays an integral part in the Federal Rules of Civil

---

[1] The court assumes Hyundai's liability only for the purpose of deciding this motion for partial summary judgment on a damages issue.

Procedure.  A court may enter partial summary judgment to address critical, but not dispositive, parts of a case.  *See* Fed. R. Civ. P. 56(a).  The same standard that applies to full motions for summary judgment applies to motions for partial summary judgment.

So, when a district court reviews a motion for partial summary judgment, it must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law on the particular issues raised.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986); *Cottle v. Storer Commc'n, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988).  The parties have stipulated to a set of facts for the purpose of this motion for partial summary judgment.  (Doc. 88).  So, the question before the court is simply whether Hyundai is entitled to a set-off as a matter of law.

## II.    FACTS

On May 18, 2011, Joseph Gillette ran a red light while driving a United States Postal truck and collided with a Hyundai Accent.  Mr. Culver, who occupied the Hyundai's backseat at the time, suffered catastrophic injuries in the wreck.  He died from those injuries nearly a year later, on May 8, 2012.

While alive, Mr. Culver sued the United States, alleging negligence and negligent entrustment under Alabama law and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2672.  After Mr. Culver's passing, Alice Culver became

administrator of his estate.

While administrator, Ms. Culver added a wrongful death claim against the United States, but, later, Ms. Culver voluntarily dismissed the wrongful death claim without prejudice while maintaining her late husband's claims for negligence and negligent entrustment. On October 15, 2013, a probate judge appointed Mr. Bonds to administer the Estate.

On March 10, 2014, Ms. Culver (apparently still acting as administrator of the Estate) entered into a *pro tanto* settlement agreement with the United States for her husband's personal injuries. In exchange for $2,600,000 in unspecified damages, the Estate agreed to release the United States from all of the Estate's claims against it, but reserved the Estate's claims against any other parties. The United States issued a check for $2,600,000 to Ms. Culver and the Estate on May 19, 2014.

The Estate—through Mr. Bonds—filed this action against Hyundai on May 7, 2014. Mr. Bonds alleges that Hyundai's defectively-designed door locking and latching system combined with Mr. Gillette's actions to cause Mr. Culver's death. (Doc. 1 at ¶¶ 8–10, 17; Doc. 88 at ¶ 3). The court assumes the truth of this allegation for the limited purpose of resolving this partial summary judgment issue about damages.

Importantly, the Estate brings this "crashworthiness" claim for Mr. Culver's

*death* under the Alabama Wrongful Death Act, Ala. Code § 6-5-410, and seeks only recovery of punitive damages; this suit does not seek recovery of damages for Mr. Culver's personal injuries he suffered before his death. Among other defenses not addressed in this Opinion, Hyundai pleads set-off of damages.

## III.   ANALYSIS

In its motion for partial summary judgment, Hyundai argues that the court should set off any judgment against it by the $2,600,000 settlement based on Alabama law that a joint tortfeasor sued in a second or successive lawsuit is entitled to a set-off for the amount satisfied from any prior settlement or judgment. *See Ex parte Goldsen*, 783 So. 2d 53, 55 (Ala. 2000).

True, any payment made by a tortfeasor in partial or full satisfaction of a plaintiff's damages diminishes—or sets off—the damages of the *same type* that a plaintiff may recover from other joint tortfeasors. *See Goldsen*, 783 So. 2d at 55. Set-off ensures that a plaintiff may only recover a sum from all defendants equal to the total amount of his injury. *Id.* Likewise, set-off ensures that a plaintiff does not receive a "double recovery" by engaging in strategic or piecemeal litigation. *See id.*

But a judgment for punitive damages is *not* set off by a satisfied judgment for *compensatory* damages. *Hood v. Murray*, 547 So. 2d 75, 79–80 (Ala. 1989); *see Shankles v. Moore*, 205 So. 3d 1253, 1260 (Ala. Civ. App. 2016), *cert. denied*,

*Ex parte Shankles*, 205 So. 3d 1260 (Ala.).

To resolve Hyundai's motion for partial summary judgment, the court must address two questions.  First, did Hyundai and the United States act jointly in their tortious conduct?  Second, did the Estate's settlement with the United States include payment for some or all of the same type of damages to which the Estate now may be entitled in its wrongful-death action against Hyundai?  To prevail and obtain a set-off, Hyundai must succeed on both.

The court finds in Hyundai's favor as to the first question because the parties acted with "concurring negligence," *i.e.*, their two acts of negligence combined to cause a set of injuries to Mr. Culver and his heirs.  *See General Motors Corp. v. Edwards*, 482 So. 2d 1176, 1189–90 & n.3 (Ala. 1985) (holding that a plaintiff in an automobile "crashworthiness" case generally need not prove whether the at-fault driver or defective safety device caused particular injuries), *overruled in part on other grounds*, *Schwartz v. Volvo N. Am. Corp.*, 554 So. 2d 927, 929 (Ala. 1989).

The court, however, finds in the Estate's favor as to the second question because the Estate could *not* recover the same type of damages from the United States in the settlement as it seeks from Hyundai.  The Estate contends that, under the FTCA, its settlement with the United States could not include any payment of punitive damages, such that the settlement does not diminish any potential

recovery of punitive damages from Hyundai in this case.  The court agrees.

The FTCA ostensibly allows recovery against the United States "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.  But the FTCA adds that the United States "*shall not* be liable for . . . punitive damages."  *Id.* (emphasis added).  So, even though the United States is liable for torts generally just like a private individual, it nevertheless cannot be liable for damages that "are legally considered 'punitive damages' under traditional common-law principles."  *Molzof v. United States*, 502 U.S. 301, 308–12 (1992).

Congress, however, did not forget about the unique wrongful death statutes in Alabama and Massachusetts.  When Congress enacted the FTCA, Alabama's and Massachusetts's wrongful death statutes limited a plaintiff's recovery to punitive damages.  *Massachusetts Bonding & Ins. Co. v. United States*, 352 U.S. 128, 130–31 (1956).  Those statutes, in combination with the FTCA's original language, would have insulated the United States from liability for wrongful death. *Id*. at 131.  To prevent that result, Congress added a special exemption to the FTCA that preempted the damages limitation and substituted "actual or compensatory damages, measured by the pecuniary injuries resulting from such death to the persons respectively, for whose benefit the action was brought . . . ." 28 U.S.C. § 2674; *see Massachusetts Bonding*, 352 U.S. at 131–32.

So, had the Estate succeeded in a *wrongful death* action against the United States, the United States would *only* have been liable to the extent of the "pecuniary injuries" from Mr. Culver's death to the persons for whose benefit the Estate brought the wrongful-death claim.  Those pecuniary damages, as defined by the FTCA, are, essentially, compensatory damages, and they differ materially from punitive or "punishment" damages.  *See Hoyt v. United States*, 286 F.2d 356, 357–62 (5th Cir. 1961) ("[W]hen Congress had legislated on questions of wrongful death, the damages recoverable had been held to be compensatory, measured by the pecuniary injuries"); *see also Riddlesperger v. United States*, 406 F. Supp. 617, 622–23 (N.D. Ala. 1976) (noting that plaintiff could not recover damages for wrongful death from the United States because, due to preexisting condition not caused by the United States, the decedent "would never have been able to return to a productive livelihood," thus precluding an award of compensatory damages measured by loss of pecuniary benefits).

Because, under the FTCA, the United States cannot be made to pay punitive damages, its settlement agreement with the Estate did not include any payment for punitive damages.  In the parlance of summary judgment, no reasonable jury could find that the United States in its settlement with the Estate paid damages for which it cannot—in any case and under any set of facts—be liable.  So no dispute exists that the United States's $2,600,000 settlement with the Estate constituted payments

for a different type of damages than those sought in this case and Hyundai is not entitled to a set-off as a matter of law.  For that reason, the court will deny Hyundai's motion for partial summary judgment.

Hyundai's reliance on the decision in *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 220 F. Supp. 2d 1249 (N.D. Ala. 2002), fails to persuade the court to conclude otherwise.  Hyundai argues that *Ruiz de Molina* establishes that "a plaintiff cannot sue one defendant and collect compensatory damages, accept satisfaction, and then sue a joint tortfeasor for punitive damages."  (Doc. 89 at 18).

The first decision in *Ruiz de Molina*, however, merely follows well-settled Alabama precedent that a plaintiff cannot pursue a second recovery from one tortfeasor when another tortfeasor has satisfied a prior judgment encompassing *all* of the plaintiff's damages.  *See* 220 F. Supp. 2d at 1253–54.  Before this court issued its opinion in *Ruiz*, it dismissed two of four defendants from the plaintiff's breach of contract and fraud action for lack of personal jurisdiction.  *Id.* at 1250–51.  The two remaining defendants proceeded to trial.  They lost and a jury assessed compensatory damages against them totaling just above $136,000, including $90,000 in "mental anguish" damages.  *Id.* at 1251.  This court then reduced the amount of the compensatory damages by $90,000 because the jury only found liability for breach of contract and innocent misrepresentation—causes of action that would not support claims for mental anguish.  *Id.*

9

The plaintiff appealed the court's dismissal of the two defendants for lack of personal jurisdiction, as well as the court's reduction of the jury's award. *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351 (11th Cir. 2000). The Eleventh Circuit affirmed the latter ruling, but reversed the former, concluding that the two dismissed defendants had sufficient contacts with Alabama to warrant the court's personal jurisdiction. *Id.* at 1361.

On remand, this court found that the entry and complete satisfaction of the judgment against the two defendants who went to trial precluded further recovery against the two "new" defendants. *Ruiz de Molina*, 220 F. Supp. 2d at 1253–54. This court observed that the plaintiff had brought claims for an indivisible injury and that the two "old" defendants had already satisfied the entire judgment. Alabama's rule of one cause of action and one satisfaction thus barred further recovery against the previously-dismissed defendants under the same cause of action for the same injuries. *Id.*

Conversely, here, the Estate has not received a complete satisfaction of its damages. The Estate does not sue for Mr. Culver's personal injuries but for his death, and seeks only punitive damages for causing his death. Accordingly, the rule of one cause of action and one satisfaction does not apply.

Hyundai also contends that, by declining to award it a set-off from the United States's settlement, this court would permit any Alabama plaintiff to obtain

"two recoveries, one for non-punitive and one for punitive [] damages." (Doc. 89 at 14). But Hyundai presupposes that the plaintiff's "two" recoveries overlap; they do not—the damages exist as two distinct independently measurable and allowable recoveries. *Compare Youngblood v. Bailey*, 459 So. 2d 855, 861 (Ala. 1984) ("Compensatory damages are intended only to reimburse persons for the losses suffered by reason of an injury to person or property."), *with Ayres v. Lakeshore Cmty. Hosp.*, 689 So. 2d 39, 41 (Ala. 1997) ("[T]he damages allowable under the Alabama Wrongful Death Act are designed to punish a wrongdoer[.]") (internal quotation marks omitted).

Hyundai further suggests that refusing a set-off from the United States's settlement is an "absurd result," doubling "the value of cases involving the United States" and rewarding the Estate for engaging in strategic, piecemeal litigation. (Doc. 89 at 14–17). But, again, the value of the case does not double because the measure of recovery for punitive damages does not overlap with the measure of recovery for compensatory damages for Mr. Culver's personal injuries he suffered for more than a year before his death. The court will instruct the jury as to the only measure of damages recoverable for his death in this case—punitive damages.

Nor does the result here reward the Estate for engaging in strategic or piecemeal litigation. To be sure, Mr. Culver and the Estate *could* have brought all of their claims against Hyundai and the United States in one action, but they did

not frustrate Alabama law by declining to do so because they did not bring separate actions against the same party. *See* Ala. Code § 6-5-440 ("No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and *against the same party*.") (emphasis added); *see Nettles v. Rumberger, Kirk & Caldwell, P.C.*, --- So. 3d ---, 2018 WL 4174681 at *5–8 (Ala. Aug. 31, 2018) (discussing the history and purpose of the claim-splitting doctrine). And, here, the Estate does not receive a windfall simply because it recovered special pecuniary damages for personal injuries on behalf of Mr. Culver from the United States and may recover punitive damages from Hyundai for Mr. Culver's death; the law allows[2] the Estate to recover both kinds of damages. *See* Ala. Code § 6-5-410.

Finally, Hyundai argues that Congress's intent in the FTCA to make the United States like a private actor when it comes to torts means the court should treat the United States exactly like a private actor as to joint liability. 28 U.S.C. § 2674 ("The United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances."). In the words of the Eleventh Circuit, Hyundai asks the court to "MacGyver" a remedy out of Congress's broad intent to treat the United States like a private actor. *See Dixon v.*

---

[2] As noted above, the court assumes Hyundai's liability for wrongful death for the purpose of this Opinion only. If Hyundai is not, in fact, liable, then the Estate, of course, is not entitled to a recovery from Hyundai.

*United States*, 900 F.3d 1257, 1259 (11th Cir. 2018).

The court would engage in this awkward task if, like Angus MacGyver, it "[did not] have the right equipment for the job" and had to, "in an improvised or inventive way, mak[e] use of whatever items are at hand." *Dixon*, 900 F.3d at 1259 (quotations and citations omitted).

But the court has the necessary equipment for the job: Congress's unequivocal choice to exclude punitive damages from potential recoveries against the United States.  In this regard, Congress made the United States *like* a private actor, but not *exactly like* a private actor, and no reason exists for the court to "MacGyver" a remedy to Hyundai's liking in this case.

## IV.    CONCLUSION

As a matter of law, Hyundai is not entitled to any set-off from the $2,600,000 the United States paid in its settlement with the Estate.  So, by separate order, the court will **DENY** Hyundai's motion for partial summary judgment. (Doc. 89).

**DONE** and **ORDERED** this 18th day of March, 2019.

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT
JUDGE